UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| WILLIE B. PATRICK, JR.<br>   OPCC # 930799<br>VS. | CIVIL ACTION NO. 09-0227<br><br>SECTION P<br><br>JUDGE JAMES |
| ROYCE TONEY | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

  Willie B. Patrick, Jr., is an inmate in the custody of the Ouachita Parish Sheriff; he is incarcerated at the Ouachita Parish Correctional Center (OPCC), Monroe, Louisiana. On February 9, 2009, he filed a hand-written *pro se* pleading styled, "Writ of Mandamus Expedited" apparently seeking an order directing Ouachita Parish Sheriff Royce Toney to provide him "... a machine to read and a machine to write and a way to play the Bible either on cassette or CD..." Petitioner did not submit the appropriate filing fee or a completed *in forma pauperis* affidavit and therefore, on February 11, 2009 he was provided the appropriate forms and directed to cure the noted deficiencies by March 16, 2009. [rec. doc. 2]

  This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the court.

### *Background*

  It is impossible to determine from the pleadings whether petitioner is serving a sentence or awaiting trial. It appears that he has been in custody at OPCC since November 5, 2008. On February 9, 2009, he submitted the instant pleading in which he alleged, (1) that he is legally blind; (2) that on some unspecified date he filed a "mandamus" in Louisiana's Fourth Judicial

District Court seeking "... a machine to read and a machine to write and a way to play the Bible either on cassette or CD..."; (3) that on some unspecified date Judge Scott Leehy denied relief stating as grounds, his lack of authority to provide such relief; (4) that he is housed in a one-person cell and is provided assistance to shower; (5) that he has had to wait for an unspecified period of time to have his mail read to him; (6) that he has not been afforded recreation in the 90 days he has been incarcerated; (7) that his written grievances to the Warden have not been answered; (8) that his vision deteriorated because he could not get to the hospital until February 2, 2009 from November 5, 2008; and, (9) that he has surgery scheduled for February 13, 2009.

In support of his claims, petitioner has provided a medical report dated December 5, 2008 from Natalia Potapova, M.D., an ophthalmologist at the E.A.Conway Medical Center in Monroe. According to Dr. Potapova, petitioner has advanced glaucoma and is indeed legally blind. She further advised that vision lost to glaucoma is irreversible and that petitioner must remain on eye drops and "... follow up at the eye clinic indefinitely." [rec. doc. 1, p. 4] Petitioner apparently seeks the same relief he sought in the Fourth Judicial District Court along with "justice for all." [rec. doc. 1, pp. 1 and 3]

*Law and Analysis*

To the extent that petitioner seeks to invoke the *mandamus* jurisdiction of this court, his claim must be dismissed. Title 28 U.S.C. § 1361 provides in pertinent part, "[D]istrict courts ... have original jurisdiction of any action in the nature of mandamus <u>to compel an officer or employee of the United States or any agency thereof</u> to perform a duty owed to the plaintiff." (emphasis supplied) Neither Judge Leehy nor Sheriff Toney are officers or employees of the United States and therefore this Court is without legal authority to grant *mandamus* relief.

2

Of course, courts are instructed to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Read liberally, petitioner's pleading may also be construed as a civil rights complaint seeking immediate injunctive relief pursuant to 42 U.S.C. §1983.

In order to be entitled to either a temporary restraining order or a preliminary injunction, a litigant must demonstrate <u>each</u> of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

In this instance, petitioner does not claim that his glaucoma is going untreated by jail authorities, or that his condition is deteriorating. Indeed, the evidence he has submitted suggests that he is being treated by an ophthalmologist at the E.A. Conway Hospital even though his condition is irreversible. [rec. doc. 1, p. 4] Further, it appears that petitioner is seeking immediate access to certain electronic devices which will allow him access to the printed word. He has not alleged how the defendant's failure to provide such equipment would result in irreparable injury.

Further, it would be against the public interest to order the Sheriff to provide such equipment at this time without some evidence concerning its availability or cost. The Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions

3

affecting prison administration." *Shaw v. Murphy*, 532 U.S. 223, 230, 121 S.Ct. 1475, 149 L.Ed.2d 420, (2001); accord *Washington v. Harper*, 494 U.S. 210, 223-24, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990); *Turner v. Safley,* 482 U.S. 78, 84-85, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Bell v. Wolfish*, 441 U.S. 520, 547-48, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Jones v. N.C. Prisoners' Labor Union*, 433 U.S. 119, 125, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977).

In short, based upon the pleadings thus far submitted, it does not appear that petitioner is entitled to either mandamus or injunctive relief at this time.

Therefore,

**IT IS RECOMMENDED THAT** the petition for Writ of Mandamus Expedited be **DENIED** and **DISMISSED** for failing to state a claim for which relief may be granted; and,

To the extent that the pleading may be liberally construed as a petition for temporary restraining order or preliminary injunction filed pursuant to 42 U.S.C. §1983,

**IT IS RECOMMENDED THAT** the petition for injunctive relief be **DENIED.**

In chambers, Monroe, Louisiana, February 12, 2009.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE